# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **THOMAS B. FLETCHER** | * | **CIVIL ACTION NO. 18-1153** |
| **VERSUS** | * | **CHIEF JUDGE S. MAURICE HICKS, JR.** |
| **JULIAN C. WHITTINGTON, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to stay filed by Defendant Russell Roberts, MD. [doc. # 29]. The motion is opposed. For reasons explained below, it is recommended that the state law negligence claim against Roberts be **DISMISSED WITHOUT PREJUDICE**, and it is ordered that the motion to stay be **DENIED**.

## Background

Between September 3, 2017 and September 8, 2017, Collin J. Fletcher was a pretrial detainee at Bossier Maximum Security Facility in Plain Dealing, Louisiana. While detained, he was suffering from alcohol and benzodiazepine withdrawal and under the medical care of Roberts and Dr. Anita Flye, another defendant. On September 8, 2017, he was found dead in a padded holding cell. On September 4, 2018, Plaintiff Thomas Fletcher, the decedent's father and administrator of his estate, filed the above-captioned lawsuit against Roberts and sixteen other defendants, asserting claims under 42 U.S.C. § 1983 and Louisiana state law. Fletcher alleges that the defendants' actions caused his son's death. [doc. # 1]. On January 9, 2019, Fletcher filed an Amended Complaint, which is the operative pleading. [doc. # 16].

On the same day he filed suit, Fletcher initiated a medical review panel proceeding against Roberts and Flye in accordance with the Louisiana Medical Malpractice Act ("LMMA"), La. R.S. §§ 40:1231.1–.10. [*See* doc. # 29-2]. On April 22, 2019, Fletcher filed the instant motion to stay all proceedings in this case until the medical review panel issues its opinion. [doc. # 29]. Roberts contends that a stay is appropriate because Fletcher's federal and state law claims

> arise from and involve the same incident, decedent and defendants. Plaintiff's federal claims and the medical malpractice proceedings initiated against Dr. Roberts are so intertwined that they cannot be reasonably separated. Separate litigation could potentially result in inconsistent judgments, should these proceedings move forward without the conclusion of the medical review panel proceedings initiated by plaintiff.

[doc. # 29-1 at 3].

Fletcher and Defendant Bossier Parish Police Jury (BPPJ) both filed oppositions to Roberts' motion. [docs. # 36, 37]. Fletcher does not oppose a stay solely of the state law claims asserted against Roberts pending the issuance of an expert opinion from the medical review panel. [doc. # 36]. BPPJ opposes any stay of these proceedings because (1) the non-medical and medical malpractice claims involve different legal bases; (2) the discovery related to the non-medical and medical malpractice claims will focus on different issues; and (3) a stay will prejudice the non-movants. [doc. # 37].

On May 17, 2019, Roberts filed a reply, claiming that a stay will not prejudice the opposing parties and noting that federal courts in Louisiana have consistently stayed federal claims pending the outcome of medical review panels. [doc. # 38].

## Law and Analysis

**I.    Negligence Claim**

Federal Rule of Civil 12(b)(6) sanctions dismissal when plaintiff fails "to state a claim upon which relief can be granted." A pleading states a claim for relief when it contains, *inter alia*, "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may sua sponte dismiss a claim under Rule 12(b)(6) "as long as the procedure employed is fair." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citations omitted). Fairness requires "both notice of the court's intention and an opportunity to respond." *Id.* Addressing a claim in a Report and Recommendation is fair because the plaintiff is given sufficient notice of and the opportunity to respond to the possible dismissal of the claim before the district judge acts. *McCoy v. Wade*, No. CIV.A.06 2292, 2007 WL 1098738, at *1 (W.D. La. Mar. 12, 2007); *see Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (Magistrate Judge's Memorandum and Recommendation afforded plaintiff "both notice and a reasonable opportunity to oppose" dismissal).

Under the LMMA, "[n]o action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel . . . ." La. R.S. § 40:1231.8(B)(1)(a)(i). "The Supreme Court of Louisiana has interpreted this provision to not only require the plaintiff to *present* the claim to a medical review panel, but also to wait until 'the panel has *rendered its expert opinion* on the merits of the complaint' before filing suit." *Flagg v. Stryker Corp.*, 819 F.3d 132, 137–38 (5th Cir. 2016) (quoting *Delcambre v. Blood Sys., Inc.*, 2004-0561 (La. 1/19/05), 893 So. 2d 23, 27). If the plaintiff fails to comply with the pre-suit exhaustion requirement, then his claim is subject to dismissal without prejudice. *Id.* at 138. "Federal courts adjudicating Louisiana law claims recognize and enforce the LMMA's procedural prerequisite to suit." *Lockwood v. Our Lady of the Lake Hosp., Inc.*, No. CV 17-00509-SDD-EWD, 2018 WL 3451514, at *3 (M.D. La. July 17, 2018).

The parties do not dispute that Fletcher's state law negligence claim against Roberts is covered by the LMMA.[1] Therefore, *before* filing a state law medical malpractice claim against Roberts, Fletcher was required to present a claim to the medical review panel and wait until the panel rendered its expert opinion. Fletcher admits that he filed the instant suit against Roberts the same day that he presented his malpractice claim to the medical review panel. [doc. #36; *see* docs. # 1, 29-1]. Because Fletcher has failed to exhaust the procedural requirements of the LMMA before filing suit, his state law negligence claim against Roberts is premature and should be dismissed without prejudice. *See Flagg v. Stryker Corp.*, 819 F.3d at 138.

As for the federal claims against Roberts, sua sponte dismissal would not be appropriate. First, unlike the LMMA, Section 1983 contains no general pre-suit exhaustion requirement. *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982). Second, that the federal claims may be intertwined with the state law claims for medical malpractice does not warrant dismissal of the federal claims. *See, e.g.*, *Labouliere v. Our Lady of Lake Found.*, No. CV 16-00785-JJB-EWD, 2017 WL 4365989, at *8 (M.D. La. Sept. 29, 2017) (finding no merit in defendants' argument that "when federal and state law claims are so intertwined, the federal claims should be dismissed" if the state claims are dismissed).

## II.   Stay of Proceedings

A district court has "wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). This authority includes the "general discretionary power to stay proceedings before it

---

[1] The following claims are currently pending against Roberts: (1) Count I—federal due process claim; (2) Count II—federal supervisory liability claim; (3) Count III—federal duty to intervene; (4) Count VI—state negligence claim; (5) Count IX—state survival claim; and (6) Count X—state wrongful death claim. [doc. # 16 at 22–34].

4

in the control of its docket and in the interests of justice." *Chiasson v. B. Braun Med. Inc.*, No. 6:16-CV-01337, 2017 WL 456009, at *2 (W.D. La. Feb. 1, 2017) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). In deciding whether to grant a stay, a court "must weigh competing interests and maintain an even balance." *Wesley v. Unique Guidance Provider Servs., Inc.*, No. 3:18-CV-1059, 2018 WL 6038241, at *2 (W.D. La. Nov. 16, 2018) (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)). The court's decision should consider: (1) "hardship and inequity on the moving party without a stay"; (2) "prejudice the non-moving party will suffer if a stay is granted"; and (3) "judicial economy." *Id.* (citations omitted). A stay should not be "immoderate or of an indefinite duration." *Chiasson*, 2017 WL 456009, at *2.

In considering these factors, the Court declines to stay this case while the state law negligence claim is considered by the medical review panel. First, although Fletcher's federal and state law claims are factually connected, resolution of the federal claims does not require resolution of the state law negligence claim.

Second, Roberts is but one of seventeen defendants in this case. None of the other defendants have moved for a stay, and one defendant, BPPJ, has opposed the stay. Moreover, Fletcher's Complaint asserts ten causes of action but they are not each asserted against all defendants and are not all medical malpractice claims. [*See* doc. # 16]. As BPPJ notes, "there are likely many facts involving those defendants' alleged actions or inactions that are either wholly unrelated or only marginally related to whether Roberts committed medical malpractice." [doc. # 37 at 4]. Permitting a stay would prejudice the remaining defendants by impeding their "efforts to gather information about the nature and details of the claims asserted" against them. *Bugay v. McCain*, No. CIV. A. 08-1690, 2008 WL 2782869, at *2 (E.D. La. July 15, 2008).

Third, this case relies on facts from September of 2017. BPPJ contends that the parties have yet to conduct discovery. [doc. # 37 at 5]. If the case is stayed, discovery would be further delayed, and "evidence might be lost or unavailable through loss of memory, death or otherwise." *Billy AUDRISCH & Rosie Audrisch, v. ETHICON, INC.*, No. 02-0243-M, 2002 WL 32151749, at *2 (W.D. La. Apr. 11, 2002). To stay the entire action when the medical malpractice claim against Robert is but one claim against one defendant would not promote judicial economy.

Fourth, Roberts notes that a medical review panel must render an opinion within one year after an attorney chairman is selected. [doc. # 38 at 2]; *see* La. R.S. § 40:1231.8(B)(1)(b) ("[I]f an opinion is not rendered by the panel within twelve months after the date of notification of the selection of the attorney chairman by the executive director . . . , suit may be instituted against a health care provider. . . ."). However, Roberts has provided no evidence that an attorney chairman has been selected in order to begin the one-year period. Thus, the entire action could be on hold for years if stayed until the medical review panel renders an opinion. Such an indefinite delay is not in the interests of justice.

Courts within the Fifth Circuit have addressed the situation of whether to stay proceedings pending a medical review panel's opinion, with varying outcomes. *See Hungerford v. Smith & Nephew, Inc*, No. 2:15 CV 2754, 2016 WL 4499461, at *2 (W.D. La. Aug. 23, 2016) (collecting cases). In this case, the Court is persuaded the proper course of action is to deny the motion to stay. Any hardship Roberts may suffer is outweighed by the prejudice on Fletcher and the remaining defendants by having to wait an indeterminate period of time to litigate these claims.

## **Conclusion**

For the foregoing reasons,

6

**IT IS RECOMMENDED** that Plaintiff's state law negligence claim against Defendant Russell Roberts [doc. # 16] be **DISMISSED WITHOUT PREJUDICE**.

Further, **IT IS ORDERED** that Defendant Russell Roberts' motion to stay [doc. # 29] is **DENIED**.[2]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. The District Judge will consider timely objections before making a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 23rd day of May 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Fed. R. Civ. P. 72, the ruling on the motion to stay is issued under the authority thereof, and in accordance with the standing orders of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).