UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

THOMAS B. FLETCHER                               CIVIL ACTION NO. 18-1153

VERSUS                                           JUDGE S. MAURICE HICKS, JR.

JULIAN C. WHITTINGTON, ET AL.                    MAGISTRATE JUDGE MCCLUSKY

**MEMORANDUM ORDER**

Before the Court is a Motion to Dismiss (Record Document 136) filed by the Bossier Parish Police Jury, Bossier Parish, Louisiana, the Bossier Parish Sheriff Defendants,[1] and Dr. Russell Roberts ("the Defendants"). The motion is filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c).[2] Plaintiff Thomas B. Fletcher responded to the motion, submitting that the motion should be granted in part and denied in part. See Record Document 187. The Defendants filed a reply, again arguing the motion should be granted in its entirety.

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires pleadings which state a claim for relief to contain "a short and plain statement of the claim showing that the pleader is

---

[1] The Bossier Parish Sheriff Defendants include Julian C. Whittington, Robert Chavis, Jeff Smith, De Barnett, Julie Cochran, Cody Callicoatte, Jared Vicento, Matthew Creamer, Blake Smith, Katie Rachel, Katrina Chandler, and the Bossier Sheriff's Office. See Record Document 16.

[2] As explained more fully *infra*, the instant motion will be decided pursuant to Rule 12(c), not Rule 12(b)(1), in light of the Fifth Circuit's recent decision discussing subject matter jurisdiction, prudential standing, and Article III standing. See Abraugh v. Altimus, 26 F.4th 298 (5th Cir. 2022).

entitled to relief."  In conjunction, Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  While a complaint need not include detailed factual allegations to survive a motion to dismiss, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65 (2007).  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009) (citing Twombly, 550 U.S. at 556, 127 S.Ct. at 1955).  Facial plausibility requires a plaintiff to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 570, 127 S.Ct. at 1955. A court must draw on its judicial experience and common sense to determine whether a complaint states a plausible claim for relief.  See Ashcroft, 556 U.S. at 679, 129 S.Ct. at 1950.

This is a civil rights and state law survival and wrongful death lawsuit filed by Thomas B. Fletcher arising from the death of his son, Collin James Fletcher, while incarcerated at the Bossier Maximum Security Facility.  See Record Document 16 (First Amended Complaint).  In his First Amended Complaint, Thomas B. Fletcher states that he is bringing the lawsuit personally and as Administrator of the Estate of Collin James Fletcher. See id. at ¶ 5.  He also alleges that he is asserting claims "on behalf of himself and all survivors."  Id.

Defendants seek an order dismissing (1) all claims purportedly asserted on behalf of Christian J. Fletcher, Alexander T. Fletcher, and Cole B. Fletcher, the siblings of Collin Fletcher, either by Thomas B. Fletcher, in his individual capacity, or by Thomas B.

2

Fletcher, in his capacity as the Administrator of the Estate of Collin James Fletcher; (2) all claims purportedly asserted by Thomas B. Fletcher as Administrator of the Estate of Collin James Fletcher; and (3) all claims purportedly asserted on behalf of Gail A. Osborne-Fletcher, the mother of Collin Fletcher, either by Thomas B. Fletcher, in his individual capacity, or by Thomas B. Fletcher, in his capacity as the Administrator of the Estate of Collin James Fletcher. The Court will address each of these requests for dismissal separately.

To establish Article III standing, a plaintiff must prove three elements: injury in fact, traceability, and redressability. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61, 112 S.Ct. 2130 (1992). Courts have also set forth "other 'standing' requirements that plaintiffs must satisfy under certain conditions, beyond those imposed by Article III." Abraugh v. Altimus, 26 F.4th 298 (5th Cir. 2022). For instance, standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which "provides that state common law is used to fill the gaps in administration of civil rights suits." Pluet v. Frasier, 355 F.3d 381, 383 (5th Cir. 2004); 42 U.S.C. § 1988(a). Thus, "a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988." Abraugh, 26 F.4th 298, citing Pluet, 355 F.3d at 383.

Pursuant to Louisiana law, "the right to pursue a survival or wrongful death action is available to four exclusive categories of survivors":

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

3

> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

Abraugh, 26 F.4th 298, citing La. Civ. Code Arts. 2315.1(A) & 2315.2(A).  The Louisiana statutes "make clear that the existence of a higher class of survivors prevents a person in a lower class from filing suit."  Id.  As explained by the Fifth Circuit in Abraugh, a plaintiff's inability to sue under Louisiana law because of the exclusive categories set forth in the survival and wrongful death statutes is a defect of "standing."  Abraugh, 26 F.4th 298.  However, "it is a defect of prudential standing, not Article III standing."  Id.  This distinction matters, as "Article III standing is the only kind of standing required before a federal district court can exercise subject matter jurisdiction."  Id.[3]

Siblings

In response to the defense motion, Plaintiff Thomas B. Fletcher does not dispute that Collin James Fletcher's siblings do not have prudential standing because there are other individuals who enjoy superior status under the governing Louisiana statutes.  See Record Document 187 at 11.  Thus, the siblings of Collin James Fletcher can set forth no plausible claim for relief and the defense motion is **GRANTED** as to all claims purportedly asserted on behalf of Christian J. Fletcher, Alexander T. Fletcher, and Cole B. Fletcher, the siblings of Collin James Fletcher.

---

[3] The basis for the Defendants' Rule 12(b)(1) motion was the Court's lack of subject matter jurisdiction due to no standing under the Louisiana survival and wrongful death statutes.  The Abraugh court made clear this is prudential standing, not Article III standing that is required for a federal district court to exercise subject matter jurisdiction.  Thus, the instant motion will be decided pursuant to Rule 12(c).

4

Administrator of the Estate

In response to the defense motion, Plaintiff Thomas B. Fletcher "admits that the fact that [he] is also the Administrator of Collin James Fletcher's Estate is not relevant to the claims asserted." Record Document 187 at 11-12. He further acknowledges that reference to his status as Administrator could cause confusion and conceded that "in Louisiana, survival damages do not flow through the estate." Id. at 12. The Administrator of Collin James Fletcher's Estate does not have prudential standing because there are other individuals who enjoy superior status under the governing Louisiana statutes. Thus, the Administrator can set forth no plausible claim for relief and the defense motion is **GRANTED** as to all claims purportedly asserted by Thomas B. Fletcher as Administrator of the Estate of Collin James Fletcher.[4]

Gail A. Osborne-Fletcher

Defendants argue that Gail Fletcher, Collin James Fletcher's mother, is not named as a party to this action. See Record Document 136 at 9-10. Instead, Thomas B. Fletcher purports to assert claims "on behalf of [Collin] Fletcher's survivors," including Gail Fletcher. See id., citing Record Document 16 at ¶¶ 277-278. In response, Plaintiff Thomas B. Fletcher argues that leave to amend to add Gail Fletcher as a real party in interest for her claims should be granted:

> On May 24, 2021, Plaintiff filed an Affidavit of Gail A. Osborne-Fletcher Ratifying Actions of Thomas B. Fletcher (Doc. 165). In her affidavit, Gail

---

[4] In his response, Plaintiff Thomas B. Fletcher stated that he should be granted leave of court to amend his First Amended Complaint to delete any referenced language, to include "as the Administrator of the Estate" in the caption and "Fletcher's Estate is entitled to recover survival damages on his behalf," that caused confusion. Record Document 187 at 12-13. While the Court will directly address the request for leave to amend in the context of Gail A. Osborne-Fletcher, any amended complaint filed should delete the aforementioned language, which the Court agrees caused confusion.

5

> Fletcher ratified Thomas Fletcher's actions taken on her behalf, stated that she would like her claims to continue to be litigated, and advised that if the case did not resolve at mediation, she would like the Complaint amended to add herself as a named Plaintiff, as the real party of interest, for her pending claims.

Record Document 187 at 14. The Defendants counter that Plaintiff Thomas B. Fletcher has not sought leave to amend his First Amended Complaint and requesting such relief in an opposition is not procedurally proper. See Record Document 209 at 5, n. 2.

There is no dispute here that Collin James Fletcher had no surviving spouse or children; thus, both Thomas B. Fletcher and Gail A. Osborne-Fletcher – as the surviving father and mother of the deceased – are within the exclusive category of survivors who may bring survival and wrongful death claims in accordance with Articles 2315.1(A)(1) & 2315.2(A)(1). Moreover, the Defendants have been on notice that Gail A. Osborne-Fletcher was the surviving biological mother and, according to Plaintiff Thomas B. Fletcher, even conducted discovery to explore damages calculations relating to the claim of Gail A. Osborne-Fletcher. Thus, while the Court agrees that Thomas B. Fletcher cannot assert the claims of Gail A. Osborne- Fletcher, the instant motion will be **DENIED** to allow amendment to add Gail A. Osborne-Fletcher as a plaintiff. Plaintiff Thomas B. Fletcher is hereby **ORDERED** to file a motion to amend no later than **March 24, 2022**. It does not appear that the substantive arguments presented in the other pending dispositive motions will be affected by the proposed amended complaint. Thus, the Court intends to take up those fully briefed motions regardless of whether an amended complaint is filed.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Record Document 136) filed by the Bossier Parish Police Jury, Bossier Parish, Louisiana, the Bossier Parish Sheriff Defendants, and Dr. Russell Roberts be and is hereby **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to all claims purportedly asserted on behalf of Christian J. Fletcher, Alexander T. Fletcher, and Cole B. Fletcher, the siblings of Collin Fletcher, and all claims purportedly asserted by Thomas B. Fletcher as Administrator of the Estate of Collin James Fletcher. The motion is **DENIED** in all other respects and Plaintiff Thomas B. Fletcher is directed to file a motion for leave to amend his First Amended Complaint to add Gail A. Osborne-Fletcher as a named Plaintiff.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 10th day of March, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT