UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

THOMAS B. FLETCHER, ET AL.                CIVIL ACTION NO. 18-1153

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

JULIAN WHITTINGTON, ET AL.                JUDGE KAYLA MCCLUSKY

**MEMORANDUM RULING**

Before the Court are two Motions for Summary Judgment (Record Documents 114 & 118) filed by defendants (1) the Bossier Parish Police Jury and Bossier Parish (a non-entity) (hereinafter referred to as "the BPPJ") and (2) Julian C. Whittington, Robert Chavis, Jeff Smith, De Barnett, Julie Cochran, Cody Callicoatte, Jared Vicento, Matthew Creamer, Blake Smith, Katie Rachel, Katrina Chandler, and Bossier Sheriff's Office (hereinafter referred to as "the BSO Defendants'"). The BPPJ and the BSO Defendants seek summary judgment that they are entitled to be fully indemnified, defended and held harmless by third party defendants, the Board of Supervisors of Louisiana Agricultural and Mechanical College and Louisiana State University Health Science Center (hereinafter collectively referred to as "LSU"), for any costs and expenses incurred in connection with this lawsuit, and any losses, damages and/or judgment resulting from this lawsuit, including all fees, expenses, and charges of attorneys and other professionals. The BPPJ and the BSO Defendants filed a supplemental memorandum in support of their motions. See Record Document 135. LSU opposed the motions, arguing prematurity and other additional grounds summary judgment was inappropriate. See Record

Documents 134 & 135.[1]  The BPPJ replied.  <u>See</u> Record Document 153.  For the reasons set forth below, the Motions for Summary Judgment regarding indemnification are **DENIED AS PREMATURE**.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a federal civil rights action (and state law survival action and wrongful death action) brought by Thomas B. Fletcher and Gail A. Osborne-Fletcher ("Plaintiffs"), the parents of the deceased, Collin James Fletcher ("Fletcher").  <u>See</u> Record Document 217 (Second Amended Complaint).  Fletcher was arrested by the Bossier City Police Department on September 3, 2017.  He was thereafter transported to the Bossier Maximum Security Facility, where he remained until he was found dead in his cell during the early morning hours of September 8, 2017.  Dr. Russell W. Roberts ("Dr. Roberts"), an employee of LSU, was at the Bossier Maximum Security Facility on September 7, 2017.

Plaintiffs assert numerous claims against multiple defendants seeking damages as a result of Fletcher's death while he was an inmate at Bossier Maximum Security Facility.  <u>See id.</u>  The BPPJ and the BSO are named as defendants and filed third-party claims against LSU seeking indemnification and defense from the claims asserted against them based on a "Contract for Professional Services" entered into between the BPPJ, the BSO, and LSU, effective March 19, 2006.  <u>See</u> Record Documents 65 & 67; <u>see also</u> Record Document 112-2 (Contract).  Under the Contract, LSU agreed to, among other

---

[1] The other grounds asserted by LSU are there exists a genuine dispute of material facts as to whether the indemnity obligation is triggered and that the agreement does not indemnify against the BPPJ's or the BSO Defendants' own fault.  <u>See</u> Record Documents 134 & 135.  Since the Court is deciding the instant motions on the basis of prematurity, it need not reach the other grounds at this time.

things, provide outpatient medical care at the Bossier Correctional Facilities; provide clinical services at the Bossier Correctional Facilities; evaluate and treat inmates for medical problems during clinic hours; provide medical services during clinic hours; and assist in the review and update of policies and procedures for the Health Services Staff. See Record Document 112-2 at 1-2. The Contract also contained an Indemnification provision:

> The Physician Service Provider shall, to the extent permitted by law, protect, indemnify, defend, and hold harmless the Parish of Bossier, the Bossier Parish Police Jury, Bossier Parish Sheriffs employees, all officers, administrators, agents, servants, employees, and appointees of the Parish of Bossier and the Bossier Parish Police Jury and Bossier Police Jury employees and all other persons or legal entitles for whom the Parish of Bossier and the Bossier Parish Police Jury, Bossier Police Jury employee is or might be liable from and against any and all claims, demands, suits, losses, damages, judgments, costs and expenses, whether direct, indirect or consequential and including but not limited to all fees, expenses and charges of attorneys and other professionals, as well as court and mediation costs and expenses, for bodily injury, including death, personal injury and property damage, arising out of, in connection with or resulting from the performance of the services under this contract and caused in whole or in part by any negligent act, error, or omission of the Physician Service Provider, its officers, agents, servants and employees or any subcontractor of other person or organization performing directly or indirectly with the Physician Service Provider and regardless of whether or not caused in part by any party or person indemnified hereunder.

Id. at 3. This indemnification provision is at issue in the instant motions.

## LAW AND ANALYSIS

### I.   Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010). "A genuine issue of material fact exists when

the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

## II.    Prematurity

The BPPJ and the BSO Defendants seek summary judgment that the indemnity obligation under the Contract has been triggered, regardless of whether they were negligent. See Record Document 114 at 3-4 & 118. Specifically, they argue they are entitled to a summary judgment order holding that the BPPJ and the BSP Defendants are entitled to be fully indemnified, defended and held harmless by LSU for any costs and expenses incurred in connection with this lawsuit, and any losses, damages and/or judgment resulting from this lawsuit, including all fees, expenses and charges of attorneys and professionals. See Record Document 114 at 4. LSU requests that the motions be denied for the simple reason that they are premature at this stage of the proceeding because the indemnitee's liability in the underlying suit has not been determined. See Record Documents 134 & 135 at 11.

The Court holds that the BPPJ and the BSO Defendants' Motion for Summary Judgment is premature and, thus, summary judgment must be denied at this stage. It is well-settled in Louisiana that the issue of indemnity is not ripe until the indemnitee's liability in the underlying suit is determined. See <u>Suire v. Lafayette City-Par. Consol. Gov't</u>, 2004-1459 (La. 4/12/05), 907 So. 2d 37, 51. In <u>Suire</u>, the Louisiana Supreme Court stated:

> We find that the City's and Dubroc's claim for defense under the indemnity agreement is premature under settled law, as these parties have not yet sustained any compensable loss. This court has observed that an indemnity agreement is a "specialized form of contract which is distinguishable from a liability insurance policy." <u>Meloy v. Conoco, Inc.</u>, 504 So.2d 833, 839 (La.1987).[2] An indemnitor is not liable under an indemnity agreement until the indemnitee "actually makes payment or sustains loss." <u>Id.</u> Thus, this court has held that "a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid." <u>Id.</u>; <u>Morella v. Bd. of Comm'rs of Port of New Orleans</u>, 2004–0312 (La.App. 4 Cir. 10/27/04), 888 So.2d 321, 325. As this lawsuit

---

[2] In <u>Meloy</u>, the Louisiana Supreme Court explained:

> An indemnity agreement is a specialized form of contract which is distinguishable from a liability insurance policy. A cause of action under a liability insurance policy accrues when the liability attaches. Appleman, Insurance Law and Practice (Buckley ed.) § 4261. However, an insurer's duty to defend arises whenever the pleadings against the insured disclose a possibility of liability under the policy. *American Home Assurance Co. v. Czarniecki*, *supra*; Appleman, Insurance Law and Practice (Berdal ed.) § 4683.01. ***On the other hand, an indemnity agreement does not render the indemnitor liable until the indemnitee actually makes payment or sustains loss. BLACK'S LAW DICTIONARY 692-93 (5th ed. 1979); Appleman, Insurance Law and Practice (Buckley ed.) §§ 4261, 6668. Therefore, a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid. The allegations of the complaint against the indemnitee are irrelevant to the indemnitor's obligation to pay.*** Rather, it is the terms of the indemnity agreement which govern the obligations of the parties.

<u>Meloy</u>, 504 So. 2d at 839 (emphasis added). As to the duty to defend in this case, the key distinction is that the Court is examining an indemnity agreement, not a liability insurance policy.

5

> is still pending, and no determination of liability has been made, the court of appeal erred in finding that Boh Brothers owed a duty to defend, or pay for defense costs, under the terms of the contractual indemnity provision. We therefore reverse the court of appeal's holding that Boh Brothers owed a duty as a matter of law to defend the City and Dubroc, and defer this claim until the lawsuit is concluded and liability is determined.

Suire, 907 So. 2d at 51. This Court notes that the reasoning set forth in Suire decision, which is applicable to indemnity agreements and not liability insurance policies, is inclusive of the cost of defense in this case. The Fifth Circuit has similarly held that "the duty-to-indemnify issue [is] not ripe when the underlying ... lawsuit has not yet been completed." Coregis Ins. Co. v. Sch. Bd. of Allen Parish, No. 07–30844, 2008 WL 2325632, at *2 (5th Cir. June 6, 2008) (applying Louisiana law); see also New England Ins. Co. v. Barnett, No. 11–30348, 2012 WL 715261, at *5 (5th Cir. Mar. 6, 2011)("Louisiana law generally provides that until the underlying issue of liability is resolved and the defendant is cast in judgment, the issue of indemnity is premature ...."). Louisiana federal district courts have also followed this rationale. See Travelers Cas. & Sur. Co. of Am. v. Univ. Facilities, Inc., No. CIV.A. 10-1682, 2012 WL 1198611, at *11 (E.D. La. Apr. 10, 2012); Gabarick v. Laurin Maritime (Am.), Inc., No. 08–4007, 08–4156, 2009 WL 43096, at *8 (E.D.La. Jan. 7, 2009); Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc., No. 05–4202, 2006 WL 2850178, at *4 (E.D.La. Oct. 2, 2006); Seaboard Marine Ltd. v. St. Paul Fire & Marine Ins. Co., No. A. 96–2446, 1996 WL 696354, at *3 (E.D.La. Nov. 25, 1996).

Here, there has been no determination that the BPPJ, the BSO Defendants, Dr. Roberts, or any other defendant is liable to Plaintiffs. Thus, because liability in the underlying case has not yet been determined, this Court must deny as premature the

BPPJ and the BSO Defendants' Motions for Summary Judgment on the issue of indemnification.

## CONCLUSION

For the reasons set forth above, the Court holds the BPPJ and the BSO Defendants' Motions for Summary Judgment on the issue of indemnification to be premature. Accordingly, such motions are **DENIED AS PREMATURE** and may be reurged at a later time.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 10th day of August, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT