## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| THOMAS B. FLETCHER, ET AL. | CIVIL ACTION NO. 18-1153 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JULIAN WHITTINGTON, ET AL. | JUDGE KAYLA MCCLUSKY |

### MEMORANDUM ORDER

Before the Court is a Daubert Motion to Limit the Testimony of Dr. Russell Roberts' Proposed Expert, Frederick Heard, M.D. ("Dr. Heard"). See Record Document 142.[1] The motion was filed by the Bossier Parish Police Jury ("the BPPJ") and the Bossier Sheriff Office Defendants (hereinafter collectively referred to as "Defendants").[2] Defendants seek to limit the testimony of Dr. Heard on two issues: (1) that Dr. Heard not be recognized in the field of "correctional medicine as a contract physician;" and (2) that Dr. Heard not be permitted to opine on the issue of whether Collin Fletcher ("Mr. Fletcher") was a patient of Dr. Russell Roberts ("Dr. Roberts"). The matter of whether Mr. Fletcher was a patient of Dr. Roberts is an issue in several dispositive motions. Dr. Roberts has opposed the Daubert motion. See Record Document 195. Defendants replied. See Record Document 202. For the reasons set forth below, the Daubert motion is **GRANTED**.

---

[1] Defendants supplemented their motion to include the transcript of Dr. Heard's deposition. See Record Document 171.

[2] While all claims against the BPPJ have been dismissed, the BPPJ's Motion for Summary Judgment (Record Document 114) seeking indemnification was denied without prejudice as premature and may be reurged at a later time. See Record Documents 229 & 230. The matter of whether Mr. Fletcher was a patient of Dr. Roberts is likely relevant to the issue of indemnification.

The admissibility of expert testimony is controlled by Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FRE 702. Pursuant to Daubert, the court serves as a gatekeeper and ensures all scientific testimony is relevant and reliable. 509 U.S. 579, 113 S.Ct. 2786. "To trigger a Daubert inquiry, an expert's testimony, or its 'factual basis, data, principles, methods, or their application,' must be 'called sufficiently into question.'" Rodriguez v. Riddell Sports, Inc., 242 F.3d 567, 581 (5th Cir.2001).

District courts are to make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Pipitone v. Biomatrix, Inc., 288 F.3d 239, 243–44 (5th Cir.2002). "A party seeking to introduce expert testimony must show '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" Smith v. Goodyear Tire & Rubber Co., 495 F.3d 224, 227 (5th Cir.2007).

An expert witness's testimony should be excluded if the district court "finds that the witness is not qualified to testify in a particular field or on a given subject." Wilson v. Woods, 163 F.3d 935, 937 (5th Cir.1999). That said, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." Huss v. Gayden, 571 F.3d 442, 452 (5th Cir.2009).

**Should Dr. Heard be recognized in the field of "correctional medicine as a contract physician"?**

In the Rule 26(a)(2)(B) expert disclosure, Dr. Roberts disclosed "Dr. Heard's expertise" in "family medicine and correctional medicine as a contract physician." Record Document 142-2 at 1. Defendants do not object to Dr. Heard's qualifications as an expert in family medicine. See Record Document 142-1 at 6. They also acknowledge that correctional medicine is a recognized and specialized field of expertise. See id. However, Defendants argue that "correctional medicine as a contract physician" is a sham specialty and there is no such field of expertise. Id. at 7.

In response to the Daubert motion, Dr. Roberts seems to concede there is no "correctional medicine as a contract physician" field of expertise, instead stating: "Dr. Heard is qualified to testify as an expert in corrections medicine." Record Document 195 at 3. Yet, this is the first time Dr. Roberts argues that Dr. Heard is qualified to testify as an expert in correctional medicine. Dr. Heard himself has not represented that he is an expert in correctional medicine. He is not certified by any organization as being a correctional health physician.[3] In his deposition, Dr. Heard admitted he had attending no

---

[3] A physician may be come a certified correctional healthcare professional. See Record Document 140-11 (Appendix A at 1).

3

seminars on correctional health care and had not published any articles or papers on correctional health care. See Record Document 171-1 at 61.

The Court finds that Dr. Frederick Heard is not qualified to testify as an expert in the field of correctional medicine. Dr. Heard is free to testify as an expert in family medicine. Thus, Defendants' Daubert motion is **GRANTED** and Dr. Heard will not be recognized as an expert in correctional medicine as a contract physician or correctional medicine.

**Should Dr. Heard be permitted to opine on the issue of whether Mr. Fletcher was a patient of Dr. Roberts?**

Defendants object to Dr. Heard offering expert testimony that Mr. Fletcher was never a patient of Dr. Roberts. Rule 702 requires that an expert's testimony "help the trier of fact to understand the evidence or to determine a fact in issue." FRE 702(a). "An expert's testimony will only aid the trier of fact if the evidence about which he or she testifies concerns matters that are beyond the understanding of the average lay person." U.S. v. Frazier, 387 F.3d 1244, 1262 (11th Cir. 2004); United States v. Moore, 997 F.2d 55, 57 (5th Cir. 1993) ("An expert's testimony may take the form of an opinion if it serves to inform the jury about affairs not within the understanding of the average man.). "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262-63.

Under the Louisiana Medical Malpractice for State Services Act, La. R.S. 40:1237.1, *et seq.*, a patient is defined as "a natural person who receives, or should have received, health care from a person covered by this Part, . . . and any other natural person or persons who would or may have a claim or claims for damages under applicable law

4

arising out of, or directly related to, the claim or claims of the natural person who receives, or should have received, health care from a person covered by this Part." La. R.S. 40:1237.1(A)(5). The Court finds that no scientific, technical or other specialized knowledge is required for the jury to determine whether Mr. Fletcher was a patient of Dr. Roberts. The jury will determine if Mr. Fletcher received, or should have received, health care from Dr. Roberts. Such a determination is within the understanding of an average lay person. Thus, Defendants' <u>Daubert</u> motion is **GRANTED** and Dr. Heard will not be permitted to opine on the issue of whether Mr. Fletcher was a patient of Dr. Roberts.

    **IT IS SO ORDERED.**

    **THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 18th day of August, 2022.

                                                      S. MAURICE HICKS, JR., CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT