UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

THOMAS B. FLETCHER, ET AL.                         CIVIL ACTION NO. 18-1153

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

JULIAN WHITTINGTON, ET AL.                         JUDGE KAYLA MCCLUSKY

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' Motion for Reconsideration requesting the Court reconsider its Memorandum Ruling (Record Document 237) granting summary judgment to Defendants Julie Cochran on the Fourteenth Amendment deliberate indifference claim and Sheriff Whittington on the Monell claim. See Record Document 254. Defendants Julian Whittington and Julie Cochran opposed the motion. See Record Document 262. Plaintiffs replied. See Record Document 264.

Plaintiffs contend that Julie Cochran's ("Cochran") admissions in conjunction with the security video and the falsified logs puts her credibility at issue and a jury should be permitted to determine whether Cochran acted with deliberate indifference. See Record Document 254-1 at 1-4. Plaintiffs seek reconsideration as to the Monell claim, now arguing that this case is a situation where lack of training was so obvious that the failure to provide such constitutes deliberate indifference, even without a pattern of similar constitutional violations. See id. at 4-7.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. See Cormier v. Turnkey Cleaning Servs., L.L.C., 295 F. Supp. 3d 717, 719 (W.D. La. 2017). When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties – as here, then Rule 54(b) controls. See id. at 719-20.

"Under Rule 54(b), the district court possesses the inherent power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Id. at 720, citing Fed.R.Civ.P. 54(b). "Rule 54(b) motions are construed under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." Id.

Under Rule 59(e), the moving party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." Id. The movant must do more than disagree with the court's decision and Rule 59(e) should not be used to "relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings." Id. Reconsideration is an extraordinary remedy to be used sparingly and is generally disfavored. See id.

Plaintiffs have not met the stringent standard for reconsideration. As to Cochran, they present the same arguments and evidence presented in the summary judgment briefing. As to the Monell claim, Plaintiffs now present and focus on a new argument that was not previously raised. The Court believes there has been no manifest error of law or fact. The extraordinary remedy of reconsideration is not warranted on the record.

Accordingly, Plaintiffs' Motion for Reconsideration (Record Document 254) be and is hereby **DENIED**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 13th day of September, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT